JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| | | | |
|---|---|---|---|
| Case No. | **CV 25-07952-DMG (BFMx)** | Date | November 26, 2025 |
| Title | *Rodrigo Espiritu v. General Motors, et al.* | Page | **1** of **5** |

Present: The Honorable  **DOLLY M. GEE, CHIEF UNITED STATES DISTRICT JUDGE**

| DEREK DAVIS | NOT REPORTED |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiff(s) | Attorneys Present for Defendant(s) |
|---|---|
| None Present | None Present |

**Proceedings: IN CHAMBERS—ORDER RE PLAINTIFF'S MOTION TO REMAND [15]**

Before the Court is Plaintiff Rodrigo Espiritu's Motion to Remand ("MTR"), filed on September 19, 2025. [Doc. # 15.] The motion is fully briefed. [Doc. ## 19 ("Opp."), 20 ("Reply").] Having read and considered the parties' arguments, the Court **GRANTS** Plaintiff's MTR.

## I.
## PROCEDURAL AND FACTUAL BACKGROUND

On February 7, 2025, Plaintiff Rodrigo Espiritu filed a Complaint in Los Angeles County Superior Court against Defendant General Motors, LLC and Kritimotors Inc. [Doc. #1-1 at 11 ("Compl.").][1] Plaintiff alleges violations of the Song-Beverly Consumer Warranty Act ("Song-Beverly Act") (violations of California Civil Code section 1793.2 and breach of express and implied warranties under California Civil Code section 1794) and the Magnuson-Moss Warranty Act ("MMWA"). *Id.* at ¶¶ 9–45. On February 10, 2025, Plaintiff personally served Defendant General Motors with the Complaint and Summons. Declaration of Michelle Yang ("Yang Decl."), Ex. 1 [Doc. # 15-1.] On April 8, 2025, Plaintiff filed a First Amended Complaint against Defendant General Motors only. [Doc. #1-1 at 25 ("FAC").][2]

Espiritu requests: actual damages; restitution; a civil penalty in the amount of two times his actual damages pursuant to Civil Code section 1794(c); consequential and incidental damages; remedies authorized by California Commercial Code sections 2711, 2712, and/or 2713; costs, expenses, and attorneys' fees pursuant to Civil Code section 1794(d); and prejudgment interest at the legal rate. Compl. at 17–18; Prayer at (a)–(h).

---

[1] All page citations herein refer to the page numbers inserted by the CM/ECF system.

[2] Espiritu alleged the same causes of action in his FAC as in his Complaint, with the addition of claims under the Uniform Commercial Code and the Consumer Legal Remedies Act. *Id.* at ¶¶ 8–71.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-07952-DMG (BFMx)** | Date | November 26, 2025 |
|---|---|---|---|
| Title | ***Rodrigo Espiritu v. General Motors, et al.*** | Page | **2** of **5** |

On June 25, 2025, General Motors filed an Answer to Espiritu's FAC in state court. [Doc. # 1-2.] On August 22, 2025, General Motors removed the action to this Court based on diversity jurisdiction under 28 U.S.C. section 1332. [Doc. # 1 ("NOR").] On September 19, 2025, Espiritu filed the instant MTR asserting that General Motors' removal was untimely and General Motors failed to establish the amount in controversy for diversity jurisdiction.

## II.
## LEGAL STANDARD

There are two 30-day periods for removal of a case to federal court. 28 U.S.C. § 1446(b); *Carvalho v. Equifax Info. Servs., LLC*, 629 F.3d 876, 885 (9th Cir. 2010). First, the defendant has 30 days to remove an action when its removability is clear from the face of the "initial pleading." *Id.* Notice of removability under 28 U.S.C. section 1446 is "determined through examination of the four corners of the applicable pleadings, not through subjective knowledge or a duty to make further inquiry." *Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 694 (9th Cir. 2005); *see also Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139 (9th Cir. 2013) ("To avoid saddling defendants with the burden of investigating jurisdictional facts, we have held that 'the ground for removal must be revealed affirmatively in the initial pleading in order for the first [30]-day clock under § 1446(b) to begin."). Second, where the initial pleading does not reveal a basis for removal, a defendant has 30 days from the date that it receives "'an amended pleading, motion, order or other paper' from which it can be ascertained from the face of the document that removal is proper." *Harris*, 425 F.3d at 694 (quoting 28 U.S.C. § 1446(b)).

If a defendant has not run afoul of either of the two 30-day periods, a defendant may remove the action "on the basis of its own information." *Roth v. CHA Hollywood Med. Ctr., L.P.*, 720 F.3d 1121, 1125 (9th Cir. 2013). "A defendant should not be able to ignore pleadings or other documents from which removability may be ascertained and seek removal only when it becomes strategically advantageous for it to do so." *Id.*

## III.
## DISCUSSION

General Motors was served with the Summons and Complaint on February 10, 2025. Yang Decl., Ex. 1. If removability was clear from the face of the initial pleading, General Motors' deadline to remove was March 12, 2025. *See* 28 U.S.C. § 1446(b)(1).[3]

---

[3] The Court addresses the FAC later in the Discussion section.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-07952-DMG (BFMx)** | Date | November 26, 2025 |
|---|---|---|---|
| Title | ***Rodrigo Espiritu v. General Motors, et al.*** | Page | **3** of **5** |

Espiritu's primary argument is that General Motors' removal was untimely because removability was clear on the face of the Complaint. Espiritu argues General Motors had sufficient information to remove under either federal question jurisdiction based on the MMWA cause of action, or diversity jurisdiction. MTR at 9–14. In the alternative, Espiritu argues that General Motors fails to establish that the amount in controversy exceeds $50,000. MTR at 14.[4] General Motors asserts that its removal was timely because neither of the two 30-day periods were triggered in this case. Instead, General Motors argues it timely removed upon discovering information through its own independent investigation. Opp. at 15.

The MMWA creates a federal private cause of action. *Milicevic v. Fletcher Jones Imports, Ltd.*, 402 F.3d 912, 917 (9th Cir. 2005). MMWA claims may be brought in federal court so long as the amount in controversy based on all claims to be determined in the suit exceeds $50,000 (exclusive of interests and costs). 15 U.S.C. §§ 2310(d)(1)(B), (3)(B). The MMWA's amount in controversy does not include attorneys' fees. *See Romo v. FFG Ins. Co.*, 397 F. Supp. 2d 1237, 1239 (C.D. Cal. 2005). "In measuring the amount in controversy, a court must assume that the allegations of the complaint are true and that a jury will return a verdict for the plaintiff on all claims made in the complaint." *Korn v. Polo Ralph Lauren Corp.*, 536 F. Supp. 2d 1199, 1205 (E.D. Cal. 2008). The relevant inquiry is thus "what amount is put 'in controversy' by the plaintiff's complaint, not what a defendant will *actually owe*." *Id.* at 1205.

Because the MMWA is silent on the question of remedies, courts "turn[] to the applicable state law to determine what remedies are available under the Act, which of necessity informs the potential amount in controversy." *Romo*, 397 F. Supp. 2d at 1239; *see also Gusse v. Damon Corp.*, 470 F. Supp. 2d 1110, 1117 (C.D. Cal. 2007) ("[C]ourts must look to state substantive law to determine the remedies for breach of an express warranty."). Espiritu alleges breach of written and implied warranty under the MMWA. Compl. at ¶¶ 39–40. Civil penalties are available under the applicable state law—here, the Song-Beverly Act—and can be considered to determine the MMWA amount in controversy. *See Romo*, 397 F. Supp. 2d at 1240.[5] The Song-Beverly Act

---

[4] General Motors is correct to point out that this argument appears to directly contradict Espiritu's claim that "it is impossible to believe that Defendant could not ascertain the amount in controversy exceeded $50,000.00 based on the face of the complaint alone." MTR at 11. The argument that General Motors fails to establish the amount in controversy, however, is made in the alternative, and as the Court discusses below, Espiritu's argument in the alternative need not be reached here.

[5] General Motors argues that the Court should not rely on *Romo* and instead points to other district court decisions that purportedly disagree with *Romo*. Opp. at 22 n.4. The cases cited by General Motors involved choice of law analyses where courts declined to apply the reasoning in *Romo* because it dealt purely with federal jurisdiction

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | CV 25-07952-DMG (BFMx) | Date | November 26, 2025 |
|---|---|---|---|
| Title | *Rodrigo Espiritu v. General Motors, et al.* | Page | **4** of **5** |

allows plaintiffs to recover both actual damages and up to two times the amount of actual damages in civil penalties if they can establish that the defendant's violation of the Song-Beverly Act was willful. *See* Cal. Civ. Code § 1794(c). Espiritu requests civil penalties in the amount of two times his actual damages under California Civil Code section 1794(c) and "all damages permitted by law" in his MMWA claim. *See* Prayer at (c); Compl. at ¶ 45.

In his Complaint, Espiritu provided the year, make, model, and VIN for the subject vehicle: 2019 Chevrolet Corvette, VIN 1G1YB2D71K5117505. Compl. at ¶ 7. He purchased the vehicle around October 4, 2019 from a person or entity engaged in the business of manufacturing, distributing, selling, or leasing consumer goods at retail. *Id.* at ¶¶ 10–11. General Motors estimated the purchase price of the vehicle to be $67,080 in its NOR. NOR at 5.

Based on General Motors' own methodology, Espiritu would only have needed to pay $16,667 for the vehicle to meet the MMWA's $50,000 amount in controversy, considering a sum that includes restitution of the purchase price and civil penalties of twice the purchase price. Given that Espiritu provided in his Complaint the year, make, model, and purchase date of the vehicle—one that General Motors itself manufactured—General Motors should have been able to ascertain from the Complaint alone that a car that retailed for $67,080 had sold for at least $16,667. *See Kuxhausen*, 707 F.3d at 1140 ("[D]efendants need not make extrapolations or engage in guesswork [to determine the amount in controversy]; yet the statute 'requires a defendant to apply a reasonable amount of intelligence in ascertaining removability.'") (quoting *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 206 (2d Cir. 2001)). Applying a reasonable amount of intelligence here, General Motors should have concluded that a vehicle sold the same year of its release would have been sold for more than 25% of its actual value.

The Court reached the same conclusion in similar cases involving untimely removed Song-Beverly Act claims. *Accord Silvano v. Ford Motor Co.*, No. CV 23-2422-DMG (PVCx), 2023 WL 4295090, at *2 (C.D. Cal. June 30, 2023); *Ward v. Ford Motor Co.*, No. CV 22-2771-DMG (PLAx), 2022 WL 2057501, at *1 (C.D. Cal. May 6, 2022). As in *Silvano*, this case is distinguishable from *Kuxhausen*. *Silvano*, 2023 WL 4295090 at * 3 (citing *Kuxhausen*, 707 F.3d at 1140–1); *see also* Opp. at 15. Unlike the plaintiff in *Kuxhausen*, Espiritu has provided the year, make, model, and purchase date of the vehicle. *Cf. Kuxhausen*, 707 F.3d at 1140.

---

analysis. *See Scott v. Jayco Inc.*, 443 F. Supp. 3d 1143 (E.D. Cal. 2020); *Yousif v. Jaguar Land Rover N. Am. LLC*, No. 3:21-CV-01232-BEN-DTF, 2024 WL 2158244, at *3 (S.D. Cal. May 13, 2024). The Court finds those decisions inapposite here.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
CIVIL MINUTES—GENERAL

| Case No. | **CV 25-07952-DMG (BFMx)** | Date | November 26, 2025 |
|---|---|---|---|
| Title | ***Rodrigo Espiritu v. General Motors, et al.*** | Page | **5** of **5** |

Since removability was clear under the MMWA when the initial Complaint was filed and General Motors ran afoul of the first 30-day clock, the Court need not reach the question of whether removability was clear under diversity jurisdiction nor whether General Motors could remove on the basis of its own information.[6]  *See Roth*, 720 F.3d at 1125.

## IV.
## CONCLUSION

In light of the foregoing, Espiritu's MTR is **GRANTED**.  This action is **REMANDED** to Los Angeles County Superior Court.  The hearing set for December 5, 2025 is hereby **VACATED**.

**IT IS SO ORDERED.**

---

[6] The Court notes that the same exact arguments and reasoning provided herein applies to Plaintiffs' FAC.  Plaintiff filed a FAC on April 8, 2025.  General Motors did not attempt to remove the case to federal court within 30 days and instead filed an Answer in state court on June 25, 2025.  Therefore, Plaintiff's filing of the FAC does not change the outcome here.